IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFERSON D. ISOM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KATY POOLE, )<br>)<br>Respondent. ) | 1:15CV278 |

MEMORANDUM OPINION, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. Rule 4 of the Rules Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Further, a writ of habeas corpus may only issue if a petitioner demonstrates that he is in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Here, Petitioner sets out a potential claim for relief based on a prison disciplinary conviction for possessing tobacco. According to Petitioner, a new guard who had not yet been properly trained searched his cell in violation of certain prison policies and found tobacco. Petitioner denied possessing the tobacco, claiming that another inmate or guard

could have put the substance in the area where the guard found it. Nevertheless, the disciplinary hearing officer found him guilty. Petitioner claims that he was not solely responsible for the area where the guard found the tobacco, that the guard did not follow proper procedures during the search, and that he is therefore not guilty of possessing the tobacco.

This Court's ability to review prison disciplinary proceedings under § 2254 is quite limited. "In a prison disciplinary hearing, an inmate has a right to advance written notice of his charges, a chance to present evidence, and a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision." Reeves v. Herron, No. 1:09CV287, 2010 WL 3945115, at *4 (M.D.N.C. Oct. 6, 2010) (unpublished) (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985)), recommendation adopted, slip op., No. 1:09CV287 (M.D.N.C. Nov. 3, 2010); see also Wolff v McDonnell, 418 U.S. 539 (1974). In addition, some evidence must support the factfinder's decision. Reeves, 2010 WL 3945115, at *4.

In this case, Petitioner does not appear to contend that he failed to receive notice of his charges, that he did not have a chance to present evidence, or that he did not receive a written decision discussing the evidence. Instead, he seeks to challenge the investigation of the incident and reargue the charge in this Court. However, although Petitioner disagrees with the decision to convict him and with the weight given to the search that discovered the tobacco, he does not allege that no evidence supported the conviction. Petitioner cannot use the present preceding to re-litigate or re-argue the findings and conclusions from the disciplinary hearing. In this regard, "the court does not

2

assess the weight of the evidence and leaves the task of determining the believability of the testimony presented at the disciplinary hearing to the hearing officer." Haynes v. Quarterman, No. 4:07-CV-0129-A, 2008 WL 859411, at *5 (N.D. Tex. Jan. 23, 2008) (unpublished). "[I]n reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the federal courts cannot assume the task of retrying all prison disciplinary disputes," but must instead "consider whether the decision is supported by 'some facts' or 'any evidence at all.'" Haynes, 2008 WL 859411, at *5 (citing and quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)).

In sum, it plainly appears from the Petition that Petitioner possesses no right to relief. Accordingly, *in forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that judgment be entered dismissing the action.

This, the 15th day of September, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge